1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

11
12
13
14
15
16
17
18
19
20
21

| | |
|---|---|
| NORTH PACIFIC INSURANCE COMPANY, a foreign insurance company,<br><br>Plaintiff,<br><br>v.<br><br>TERRI PYSHER, individually and as the parent and guardian ad litem for her minor son, B.P.; RANDY UNDERWOOD and BARBARA UNDERWOOD, husband and wife, and the marital community composed thereof,<br><br>Defendants. | Case No.  C05-5232 KLS<br><br>ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT |

22
23
24
25

The plaintiff seeks a determination by this court that there is no coverage for a personal injury claim filed against their insureds under either their automobile or homeowners policies.  The defendants, in their response,  concede that there is no coverage under the automobile policy.  They do not concede the issue with regard to the homeowner's policy.

26
27
28

The court considered the following pleadings for purposes of this summary judgment motion: Plaintiff North Pacific Insurance Company's Motion for Partial Summary Judgment (Dkt. #26), Declaration of Dennis Smith in Support of Plaintiff's Motion for Partial Summary Judgment (Dkt. #27),

1   Defendants Pysher's Response to Plaintiff's Motion for Partial Summary Judgment (Dkt. #29-1),

2   Declaration of Randy Underwood (Dkt. #29-2), Affidavit of Rodney B. Ray in Support of Defendants'

3   Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment (Dkt. #29-3), and Plaintiff

4   North Pacific Insurance Company's Reply Memorandum in Support of Motion for Partial Summary

5   Judgment (Dkt. #31).

6       After considering the pleadings, this court concludes that the motion for partial summary judgment

7   should be granted.

8                                            **FACTS**

9       B.P., a minor, was injured while riding an all-terrain vehicle owned by the Underwoods.  The

10  Underwoods tendered the defense and indemnity of the Pyshers' claims to North Pacific Insurance

11  Company under both their automobile and homeowners insurance policies.   The defendants have conceded

12  that the automobile policy is not applicable to the Pyshers' claims.

13      According to the Declaration of Randy Underwood (Dkt. #29-2), he and his family (consisting of

14  his wife Barbara and son JV) and his son's friend BP traveled to the Moses Lake area for the Labor Day

15  weekend in 2002.  They went there to ride their off road vehicle (ORV) at the public recreational sand

16  dune area.  According to Mr. Underwood, they set up a tent and canopy "for shading, the food, and those

17  who wanted to be in the shade.  We set up a table and chairs and barbequed food on the portable barbeque

18  we had brought with us.  We would spend the entire day at the recreation area taking turns riding the

19  ORVs." *Id.* at p. 2.  After spending the day at the recreational area, they would sleep at a hotel located

20  near the recreational area.

21      They paid a "nominal fee to park and access the area each day that we used it." *Id.* at p. 2.  On

22  Sunday, September 1, 2002, the Underwoods checked out of their local hotel and spent the day at the sand

23  dune area.  They were "in the process of taking down the tent and loading all of our equipment in the

24  vehicles when my son, JV, and BP decided to go on one last ride.  That is when BP was injured." *Id.* at p.

25  2.  Mr. Underwood also stated in his declaration that his ORV was designed and used for off-road use and

26  that he purchased an ORV permit each year that he owned the ORV.

27

28

Order Granting Motion for Partial Summary Judgment

1

### POLICY LANGUAGE - HOMEOWNERS POLICY

2      The plaintiff relies on an exclusion in the homeowners policy (Section II - Exclusions, A. Coverage

3  E) which excludes liability coverage for bodily injury or property damages:

4          5.  arising out of:

5              a.  the ownership, maintenance, use, loading or unloading of motor vehicles
                   or all other motorized land conveyances, including trailers, owned or
6                  operated by or rented or loaned to an **insured**;

7      The defendants rely on language in the policy, in the same section, which limits application of the

8  exclusion as follows:

9              This exclusion does not apply to:

10             b.  a motorized land conveyance which is both designed and used exclusively for
                   recreational purposes off public roads, not subject to motor vehicle registration,
11                 licensing requirements or permits and;
                   . . .
12                 (2) owned by an **insured** and on an **insured location.**

13

14     The policy defines **insured location,** in the Definitions section, as follows:

      E. **insured location** means:
15
16             4.  any part of a premises:

17                 a.  not owned by an **insured**; **and**
                   b.  where an **insured** is temporarily residing.

18             5.  Vacant land, other than farm land, owned by or rented to an **insured**;

19             8.  Any part of a premises occasionally rented to an **insured** for other than **business** use.

20

21     While Mr. Underwood concludes in his declaration that on Sunday the public recreational area was

   his "temporary home away from home" (Dkt. #29-2), the **facts** presented to this court do not lead to that
22
   result.  In fact, there are no facts before this court which would lead it to conclude that the defendants
23
   were temporarily "residing" in the public recreational Moses Lake sand dune area.  At the most, the
24
   defendants set up a temporary site used during the day as a wind break, shelter from the sun and a place to
25
   cook food.  This does not equate to "residing" in a public recreational area.
26
       Nor will this court conclude that paying a "nominal fee to park and access the area each day"
27
   means that the defendants rented lands which were available for use by the public.  The limitation to the
28

1  exclusion does not apply.

2       The next issue for this court to determine is whether the exclusion itself applies.  The defendants do

3  not present any argument that the exclusion itself does not apply.  In fact, they admit that the ORV is a

4  motorized land conveyance designed for off-road use.  It is undisputed that BP was injured as the result of

5  his riding on the ORV.  The exclusion applies and the plaintiff is entitled to partial summary judgment

6  regarding coverage under the homeowners policy.

7       IT IS HEREBY ORDERED that plaintiff North Pacific Insurance Company's Motion for Summary

8  Judgment is GRANTED, and that North Pacific Insurance Company does not have an obligation to defend

9  or indemnify the Underwoods in connection with the claims asserted against them in the lawsuit filed by

10  Terri Physer, individually and on behalf of her minor son.   This order does not affect the claims asserted in

11  the defendants' counterclaim, a determination of which is not before this Court.

12

13                    DATED this 31st day of August, 2005.

14

15

16                    Karen L. Strombom
                      United States Magistrate Judge
17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Motion for Partial Summary Judgment