UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORTH PACIFIC INSURANCE COMPANY, a foreign insurance company,<br><br>Plaintiff,<br><br>v.<br><br>TERRI PYSHER, individually and as the parent and guardian ad litem for her minor son, B.P.; RANDY UNDERWOOD and BARBARA UNDERWOOD, husband and wife, and the marital community composed thereof,<br><br>Defendants. | Case No.  C05-5232 KLS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

This is the second motion for summary judgment presented to this court by the plaintiff. This court granted the first motion and found that North Pacific Insurance Company did not have "an obligation to defend or indemnify the Underwoods in connection with the claims asserted against them in the lawsuit filed by Terri Physer, individually and on behalf of her minor son." Dkt. #33, p.4. The first motion did not address the counterclaim filed by the defendants. The plaintiff now requests that this court dismiss the

defendants' counterclaim for bad faith as a matter of law. Having reviewed the pleadings,[1] this court concludes that the motion should be granted.

## FACTS

On September 1, 2002 B.P., a minor, was injured while riding an all-terrain vehicle, owned by the Underwoods, at a public recreational sand dune area near Moses Lake, Washington. Additional facts regarding this incident are summarized in this Court's Order Granting Motion for Partial Summary Judgment and they will not be repeated here. See Dkt. #33 at page 2. While the Underwoods tendered the defense and indemnity of the Pyshers' claims to North Pacific Insurance Company under both their automobile and homeowners insurance policies, the defendants conceded, in response to the plaintiff's first motion for summary judgment, that the automobile policy was not applicable to the Pyshers' claims and they are not suggesting that the automobile policy is relevant to their bad faith counterclaim.

The Underwoods tendered a claim to North Pacific for B.P.'s injuries on September 18, 2002. North Pacific twice advised the Underwoods that they were investigating the claim (Dkt. #35, Exh. 2 and 3), advised them that the legal review as to coverage was still pending (Dkt. #35, Exh. 3 and 4) and by letter dated February 24, 2003 advised the Underwoods that they were denying coverage under "the policy exclusion for *entrustment*." (Dkt. #35, Exh. 5). In addition, the letter recited the policy language for this specific exclusion.

Terri Pysher made a claim for policy limits on April 7, 2003 (Dkt. #35, Exh. 7) and in February 2004 she filed a Complaint for Damages against the Underwoods. (Dkt. #35, Exh. 11). The Complaint alleged as follows:

> 3.3   At the time complained of herein, and upon information and belief, Plaintiffs allege that Defendants Randy and Barbara Underwood owned an all terrain vehicle was involved in this subject accident.
>
> 3.4   That upon information and belief, Plaintiffs allege that Plaintiff [B.P.] Pysher was the permissive operator of the all terrain vehicle owned by Defendants Randy and Barbara Underwood, and the Defendants/owners of the vehicle that [B.P.] Pysher was operating at the time of the accident was alleged herein are jointly and severally liable for Plaintiffs' damages.

---

[1] Plaintiff North Pacific Insurance Company's Motion for Summary Judgment (Dkt. #34); Declaration of David K. Bjorklund with attachments (Dkt. #35); Declaration of Shay Sweet with attachments (Dkt. #36); Defendants Response to Plaintiff's Motion for Summary Judgment with attachments (Dkt. #37 and #38); and North Pacific Insurance Company's Reply (Dkt. #40).

Dkt. #35, Exh. 11, pages 2 and 3.  The Complaint alleged various aspects of negligence, all of which were consequent to the use of the ATV by B.P.

On April 6, 2004, United Pacific sent a letter to their insureds, Randy and Barbara Underwood, in which it refused to provide a *"legal defense* or *indemnification* for the allegations in the Summons and Complaint, brought against you" by the Pyshers.   The denial was based on policy exclusions for "entrustment and use of the Honda 400X four-wheeler."  Dkt. #35, Exh. 12.   The policy's exclusionary language was set forth in the April 6, 2004 letter as follows:

**Section 2 - Liability Coverages**

**Coverage E - Personal Liability**
*If a claim is made or a suit a brought against an **insured** for damages because of **bodily injury, personal injury,** or **property damage** caused by an **occurrence** to which this coverage applies, we will:*

> *A. pay up to our limit of liability for the damages for which the **insured** is legally liable.  Damages include prejudgment interest awarded against the insured; and*

> *B. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent.  We may investigate and settle any claim or suit that we decide is appropriate.  Our duty to settle or defend ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.*

**Section 2 - Exclusions**

**A. Coverage E - Personal Liability and Coverage F - Medical Payments to Others**
   do not apply to bodily injury or property damage:

   4. arriving out of a premises:

       a. owned by an insured;

       b. rented to an insured; or

       c. rented to others by an insured that is not an insured location;

   5. arising out of:

       a. the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an **insured;**

       b. the entrustment by an insured of a motor vehicle or any other motorized land conveyance to any person; or

North Pacific asserted that it conducted a "legal review on the allegations in the Summons and Complaint

Order Granting Plaintiff's Motion for Summary Judgment

Page - 3

and the factual circumstances involved in this loss" and that such review led to the denial of a defense. Dkt. #35, Exh. 12.

The policy also contained an exception to the above exclusion, which reads as follows:

This exclusion does not apply to:

  b. a motorized land conveyance which is both designed and used exclusively for recreational purposes off public roads, not subject to motor vehicle registration, licensing requirements or permits and;
. . .
   (2) owned by an **insured** and on an **insured location.**

The policy defines **insured location,** in the Definitions section, as follows:

E. **insured location** means:

  4. any part of a premises:

    a. not owned by an **insured**; **and**
    b. where an **insured** is temporarily residing.

  5. Vacant land, other than farm land, owned by or rented to an **insured**;

  8. Any part of a premises occasionally rented to an **insured** for other than **business** use.

Dkt. #27, Exh. H.

As stated above, the defendants are not pursuing a bad faith claim under the automobile insurance policy. They do, however, allege bad faith under the homeowners policy for the plaintiff's failure to investigate facts which could have led to the conclusion that the exception to the exclusion applied. In particular, they allege that "none of the letters from North Pacific referenced the possibility that the campground may qualify as a temporary residence or inquired further about the possibility that the exception to the exclusion may apply." Dkt. #37, p 3, lines 4 through 7.

### LAW OF BAD FAITH

> The duty to act in good faith is broad and may be breached by conduct short of intentional bad faith or fraud. *Industrial Indem. Co. Of the northwest, Inc. V. Kallevig,* 114 Wn.2d 907, 916-917, 792 P.2d 520 (1990). However, an insurer's "good faith mistake" is not actionable. *Coventry Associates v. American States Ins. Co.,* 136 Wn.2d 269, 280, 961 P.2d 933 (1998). . . . "In order to establish bad faith, an insured must show the insurer committed a breach that was unreasonable, frivolous, or unfounded." *Holly Mountain Resources,* 104 P.3d at 733.

*Dkt. #34, page 9 and 10.*

Thus, in order for the defendants to prevail on their bad faith claim they must be able to show that the plaintiff's denial of coverage was based on an unreasonable interpretation of the policy. In this case, the defendants are unable to do so.

**CONCLUSION**

This court found, in ruling in favor of the plaintiff in the first motion for summary judgment, that "there are no facts before this court which would lead it to conclude that the defendants were temporarily 'residing' in the public recreational Moses Lake sand dune area. . . . Nor will this court conclude that paying a 'nominal fee to park and access the area each day' means that the defendants rented lands which were available for use by the public." Dkt. 33, page 3 and 4. The suggested interpretation of the facts, as urged by the defendant, is not a reasonable interpretation. In fact, it does not appear that this unique interpretation of the facts was even urged until this matter was filed in federal court. It was not unreasonable for the plaintiff to deny coverage nor did the plaintiff act unreasonably in its failure to provide a defense under a reservation of rights.

This court therefore concludes that the plaintiff's motion for summary judgment should be GRANTED and defendants' claims for bad faith and violation of the Consumer Protection Act are hereby DISMISSED. Based on this court's ruling, the clerk is directed to remove from the Court's docket Dkt. #41 (defendant's cross-motion for summary judgment) and Dkt. #43 (plaintiff's motion to compel).

DATED this 5th day of December, 2005.

Karen L. Strombom
United States Magistrate Judge